[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12360
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00076-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW WAYNE OXENDINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Matthew Oxendine appeals the district court's denial of his motion to reduce

his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment

782 to the Sentencing Guidelines.  As the record reveals, although Oxendine had

pled guilty to a drug offense, the district court calculated Oxendine's offense level and guideline range based on his status as a career offender under U.S.S.G. § 4B1.1, not under the drug quantity table in U.S.S.G. § 2D1.1.  As a result, it denied his motion for a sentence reduction.  On appeal, Oxendine argues that, after the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), the use of § 4B1.1 as an "operational" guideline is inconsistent with the Guidelines.  Oxendine contends that it is "undisputed," in light of Beckles, that he is eligible for a sentence reduction, because his sentence was based upon the drug quantity table in § 2D1.1, which was amended by Amendment 782.  After thorough review, we affirm.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo.  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements.  Id.  When considering a § 3582(c)(2) motion, a district court must first recalculate the guideline range under the amended guideline.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  When recalculating the guideline range, it can only

2

substitute the amended guideline and must keep intact all other guideline decisions made during the original sentencing. Id. A defendant is eligible for a sentence reduction under § 3582(c)(2) if an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range that was calculated by the sentencing court prior to any departure or variance. U.S.S.G. § 1B1.10, comment. (n.1(A)).

Amendment 782 provides a 2-level reduction in the base offense levels for most drug quantities listed in the drug quantity table in § 2D1.1(c). U.S.S.G. App. C, Amend. 782. A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guideline amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guideline range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). Because an amendment to § 2D1.1 does not affect a career offender's guideline range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to § 2D1.1. Id. (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

Here, the district court did not err by denying Oxendine's motion for a sentence reduction. As the record shows, the court lacked authority to grant the

3

motion, because Amendment 782 did not lower Oxendine's guideline range. See Moore, 541 F.3d at 1330. Amendment 782 did not affect Oxendine's guideline range because his total offense level and guideline range were determined by the career-offender guideline in § 4B1.1, not § 2D1.1. See Lawson, 686 F.3d at 1321.

Moreover, in Beckles, the Supreme Court held that the advisory Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that § 4B1.2(a)'s residual clause is not void for vagueness. Beckles, 137 S. Ct. at 895-96. Thus, Oxendine's reliance on Beckles is misplaced, since the Supreme Court's holding that § 4B1.2(a)'s residual clause was not void for vagueness did not have the effect of rendering § 4B1.1 inoperative. Accordingly, the district court properly denied Oxendine's § 3582(c)(2) motion, and we affirm.

**AFFIRMED**.